UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN ANDREW HODGSON

Plaintiff,

v.

RICHARD W. HUFFMAN,
NEAL KRZYZANIAK, JANE DOE,
and JOHN DOE,

Defendants.

CIVIL NO. 00-2483 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon Defendant Huffman's Motion to Dismiss [Docket No. 5], Defendant Krzyzaniak's Motion to Dismiss [Docket No. 6], and Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss [Docket No. 15].[1] The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant Huffman's Motion to Dismiss [Docket No. 5] and Defendant Krzyzaniak's Motion to Dismiss [Docket No. 6] be granted, and that Plaintiff's "Motion to Dismiss Defendants' Motion to Dismiss" [Docket No. 15] be denied.

**FINDINGS OF FACT/REPORT**

Plaintiff filed a Complaint [Docket No. 1] on November 8, 2000, alleging that Defendants violated (1) Plaintiff's rights under the First and Fifth Amendments to the

[1] Plaintiff called his response in opposition to the Motions to Dismiss a motion. The relief sought in Plaintiff's "Motion" is denial of Defendants' Motions to Dismiss.

FEB 27 2001
CLERK

United States Constitution; (2) Plaintiff's rights under Article I, Section 8 of the Minnesota Constitution; (3) 18 U.S.C. §§ 370[2], 1341, 1343, 1956, 1957, 1961, and 1962; and (4) Minn. Stat. §§ 607.17, 609.05, 609.175, 609.27, 609.50, 609.52, 609.53, and 609.765. Plaintiff seeks declaratory and injunctive relief, as well as compensatory, exemplary, and punitive damages. Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7).

## I. STANDARD OF REVIEW

The Court of Appeals for the Eighth Circuit has provided this standard for the consideration of a Motion to Dismiss pursuant to Rule 12(b)(6):

> [A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir.), cert. denied, 444 U.S. 899, 100 S. Ct. 208, 62 L.Ed.2d 135 (1979). We must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. United States v. Mississippi, 380 U.S. 128, 143, 85 S. Ct. 808, 816, 13 L.Ed.2d 717 (1965); see also Bennett v. Berg, 685 F.2d 1053, 1058-59 (8th Cir. 1983); Bramlet v. Wilson, 495 F.2d 714, 717 (8th Cir. 1974).

Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue before the Court is not whether plaintiffs will ultimately prevail at trial, but rather, whether they are entitled to proceed with their claims." In re Green Tree Fin. Corp. Stock Litigation, 61 F. Supp.2d 860, 868 (D. Minn. 1999)(citing Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)). In considering a motion to dismiss, courts

[2] Plaintiff's claims under 18 U.S.C. §370 are not discussed in this Report because no such section of the United States Code currently exists.

accept a plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences. Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

## II. FACTS ALLEGED

Because we must view the Complaint in the light most favorable to Plaintiff for purposes of deciding this Motion, what follows is a recitation of the facts of this case as alleged by Plaintiff.

Plaintiff is a beneficiary of the Hodgson Family Trust (the "Trust"), created by his parents for Plaintiff and his eight siblings. ¶¶12, 14.[3] Defendant Huffman is an attorney hired to represent the Trustee of the Hodgson Family Trust (the "Trustee") in actions filed against the Trustee by Plaintiff in state court. ¶17. In the state court actions against the Trustee Plaintiff alleged fraud, attempted extortion, theft, forgery, and embezzlement against the Trustee in her personal capacity, and sought release and protection of property subject to the Trust. ¶16. Defendant Krzyzaniak is the President of Bridgeland Development Company ("Bridgeland"). ¶7.

Although aware that the Trustee's actions were subject to Plaintiff's court challenges, Plaintiff alleges that Defendant Huffman began to work with Bridgeland to liquidate some of the property held by the Trust. ¶18. When Plaintiff sought to obtain a copy of Bridgeland's business records, Defendant Huffman filed a false complaint of harassment with the Department of Corrections on behalf of Defendant Krzyzaniak. ¶21.

During the state court litigation, a motion was made (presumably by Plaintiff) requesting the state court to take action against Defendant Huffman for violations of the

---

[3] References are to paragraphs in the Complaint.

Minnesota Rules of Professional Conduct. ¶24. In response, Defendant Huffman allegedly sent a letter to Plaintiff stating that, unless Plaintiff retracted the motion, Defendant Huffman would act to confiscate portions of Plaintiff's property controlled by the Trust. ¶25.

Plaintiff further alleges that, although Plaintiff's suits in state court are against the Trustee in her personal capacity, Defendant Huffman receives payment from the Trust for representing her in these actions (¶¶27, 28), and that Defendant Huffman may be helping the Trustee to evade taxes. ¶31.

## III. DISCUSSION

Both Defendant Huffman and Defendant Krzyzaniak filed Motions to Dismiss, supported by nearly identical, but rather sketchy, Memoranda. The Court does not have the benefit of comprehensive factual or legal analysis by the parties.

### A. Federal Constitutional Claims

Plaintiff seeks redress for alleged violations of his First and Fifth Amendment rights. Private civil actions to address deprivations of constitutional rights are authorized by 42 U.S.C. §1983. However, in order to be held liable for violating Plaintiff's constitutional rights, Defendants would have to have been acting under color of law. See 42 U.S.C. §1983; cf. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)(private persons may be acting under color of law where they are willful participants in joint action with the State). Plaintiff has not alleged that Defendants were acting in anything other than their personal capacities when doing the acts described in the Complaint. His constitutional claims should be dismissed.

**B. Title 18 U.S.C. §§ 1341, 1343, 1356, 1357 Claims**

Plaintiff alleges that Defendants violated multiple provisions of Title 18 of the United States Code dealing with crimes such as money laundering, mail fraud, and wire fraud. Defendants summarily assert that these claims should be dismissed solely because Title 18 deals with crimes and criminal procedure. However, the question is not that simple. In some instances, if Congress so intended, a criminal statute may provide an implied private right of action. See Thompson v. Thompson, 484 U.S. 174, 179 (1988). In this case, we have independently reviewed the statutes cited by Plaintiff, and concluded that they do not give rise to private causes of action. See Wisdom v. First Midwest Bank, 167 F.3d 402, 408-09 (8th Cir. 1999)(no private cause of action under 18 U.S.C. §§1341 (mail fraud), 1343 (wire fraud), or 1951 (extortion)); Dubai Islamic Bank v. Citibank, N.A., -- F. Supp.2d --, 2000 WL 1901984 (S.D.N.Y. Dec. 29, 2000)(no private cause of action under 18 U.S.C. §1956); Thompson v. Kramer, 1994 WL 725953 at *15 (E.D.Pa. Dec. 29, 1994)(no private cause of action under 18 U.S.C. §§1956, 1957). To the extent Plaintiff's Complaint seeks redress for violations of these federal criminal statutes, it should be dismissed.[4]

---

4

We are mindful that *pro se* parties, such as Plaintiff, are held to less stringent pleading standards than those represented by counsel. Cruz v. Cardwell, 486 F.2d 550, 552 (8th Cir. 1973). Although Plaintiff's Title 18 claims clearly do not state a claim upon which relief can be granted, it is apparent that Plaintiff's intent is to allege fraudulent behavior on the part of Defendants. However, this allegation must be considered as part of Plaintiff's state, rather than federal, law claims.

**C. RICO Claims**

Plaintiff alleges that Defendants violated 18 U.S.C. §§1961 and 1962, which are part of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[5] In order to have standing in a civil RICO case, plaintiffs must show that "the RICO violations both factually and proximately cause injury to the plaintiffs' business or property." Newton v. Tyson Foods, Inc., 207 F.3d 444, 446-47 (8th Cir. 2000)(citing Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 265-68 (1992)). To state a claim under RICO, Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Wisdom, 167 F.3d at 406 (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). "When pled as RICO predicate acts, mail and wire fraud require a showing of: (1) a plan or scheme to defraud, (2) intent to defraud, (3) reasonable foreseeability that the mail or wires will be used, and (4) actual use of the mail or wires to further the scheme." Wisdom, 167 F.3d at 406 (citations omitted).

The "pattern" element of a RICO claim requires at least two related acts that amount to or pose a threat of continued criminal activity. Wisdom, 167 F.3d at 406 (citations omitted). "The second prong, continuity, can be either closed-ended or open-ended. Closed-ended continuity involves 'a series of related predicates extending over a substantial period of time;' open-ended continuity involves acts which, by their nature, threaten repetition into the future." Wisdom, 167 F.3d at 406 (citation omitted). To satisfy the closed-ended standard the predicate acts must occur for at least one year. Wisdom,

---

5 The provision of RICO that allows private parties to sue for damages is 18 U.S.C. §1964(c).

167 F.3d at 407. In order for mailings to establish the continuity factor, the mailings themselves must contain fraudulent misrepresentations. Wisdom, 167 F.3d at 407.

Open-ended continuity requires a showing that the Defendants' activities establish a threat of long-term criminal activity. See H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 242 (1989). For example, open-ended continuity could be established by showing that "a hoodlum [was selling] 'insurance' to a neighborhood's storekeepers to cover them against breakage of their windows, telling his victims he would be reappearing each month to collect the 'premium' that would continue their 'coverage.'" H.J. Inc., 492 U.S. at 242. Open-ended continuity could also exist where the predicate acts are part of a long-term business association that exists for criminal purposes, although Defendants need not be part of organized crime in a traditional sense. H.J. Inc., 492 U.S. at 242-43. Whether or not continuity has been adequately pled depends upon the facts of each particular case. H.J. Inc., 492 U.S. at 242.

Federal Rule of Civil Procedure 9(b), which requires that the circumstances constituting the alleged fraud be pled with particularity, applies to allegations of mail fraud and wire fraud, when used as predicate acts for a RICO claim. Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1069 (8th Cir. 1995)(citations omitted). "'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Murr Plumbing, 48 F.3d at 1066 (citations omitted). See also Lange v. Hocker, 940 F.2d 359, 362 (8th Cir. 1991)(complaint dismissed because vague, conclusory allegations of fraudulent acts insufficient to support RICO claim).

In this case, the allegations of RICO predicate acts (mail fraud, wire fraud, money laundering, and transacting in criminal proceeds) are as follows:

- The Trustee (not a named defendant in this case) used wire communications to threaten Plaintiff with denial of benefits from the Trust. Complaint, ¶ 23.

- Defendant Huffman sent a letter to Plaintiff demanding that he retract a motion in Scott County District Court, or Defendant Huffman would act to confiscate property held by the Trustee, and intended for Plaintiff. Complaint, ¶ 25.

- Defendant Huffman was paid for his representation of the Trustee in her personal capacity, in state court lawsuits instituted by Plaintiff, with money from the Trust. Complaint, ¶¶ 27, 28.

- Plaintiff is informed by an unspecified source that the Trustee is confiscating over $10,000 intended for Plaintiff from the corpus of the Trust to reimburse the Trust for money paid to Defendant Huffman. Complaint, ¶ 29.

- Defendant Huffman may be aiding the Trustee in seeking to avoid paying federal taxes on the $10,000 used to pay the Trustee's legal fees. Complaint, ¶ 31.

Plaintiff has failed to plead underlying acts of racketeering activity with sufficient specificity to state a RICO claim. The Complaint contains no allegations whatsoever of wrongdoing by Defendant Krzyzaniak that could be construed as predicate acts under RICO. The lone act of mail or wire fraud allegedly committed by Defendants was a letter from Defendant Huffman to Plaintiff that Plaintiff claims was an attempt to coerce him to withdraw a state court motion. This letter is insufficient to state a claim for mail fraud as a predicate RICO act because it does not allege fraudulent misstatements by Defendant Huffman. In addition, Plaintiff has not pled information about when the letter was sent, or what damage allegedly resulted from Defendant Huffman's "fraud."

With respect to allegations of money laundering and transacting in criminal proceeds, Plaintiff has likewise failed to plead facts which could support such charges.[6] Plaintiff alleges that Defendant Huffman is being paid to defend the Trustee, in a suit brought by Plaintiff and apparently related in some way to the Trust, with proceeds from the Trust. This vague allegation does not state a claim for illegal use of criminal proceeds. Plaintiff's similarly vague allegations about possible tax fraud also fail to meet pleading standards for RICO predicate acts.

Neither has Plaintiff pled any facts to support a finding of a pattern of illegal activity by Defendants. Plaintiff gives no dates for any of the actions described in the Complaint, so the Court is unable to determine if the events alleged covered a long enough period of time to establish closed-ended continuity. Plaintiff has not pled any facts to suggest an open-ended, long-term criminal enterprise.

What we have here is a dispute among siblings regarding the management of a trust established for their benefit by their parents. Plaintiff is attempting to "make a federal case," as it were, of the allegations he has already brought against the Trustee in state court by suing these Defendants. As the Eighth Circuit Court of Appeals stated in Lange v. Hocker, "[a]lthough [plaintiff] may have stated claims upon which relief could be granted under state law (we need not and do not express any opinion in that regard), [he has] not stated a RICO claim." Lange, 940 F.2d at 362.

---

6 These allegations fail to state a claim even though they are measured against a less stringent pleading standard than those of wire and mail fraud. See Fed. R. Civ. P. 9(b); Madanes v. Madanes, 981 F. Supp. 241, 253 (S.D.N.Y. 1997).

**D. State Law Claims**

The Court has concluded that all of the federal claims alleged in the Complaint should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff has also brought multiple state law claims pursuant to the Court's supplemental jurisdiction. See 28 U.S.C. §1367. The Court may decline to exercise supplemental jurisdiction over a claim where the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3); see also Franklin v. Zain, 152 F.3d 783, 785-86 (8th Cir. 1998)(district court has discretion to dismiss pendant state claims).

With the dismissal of the federal claims in the Complaint, the Court would only have original jurisdiction over the state law claims if there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §1332. Neither of these facts has been pled by Plaintiff. We recommend that the Court decline to exercise jurisdiction over the remaining state law claims, and dismiss the Complaint in its entirety.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendant Huffman's Motion to Dismiss [Docket No. 5] and Defendant Krzyzaniak's Motion to Dismiss [Docket No. 6] be granted, and that Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss [Docket No. 15] be denied.

Dated: February 27, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **March 14, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.